IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------
JANELLE DUNN                              :
216 N. Springfield Rd.                    :
Clifton Heights, PA 19018                 :
                                          :
        Plaintiff,                  :
                                          :  Civil Action No.: _____
   v.                                     :
                                          :  **JURY TRIAL DEMANDED**
MY ALARM CENTER, LLC                      :
3803 West Chester Pike #100               :
Newtown Square, PA 19073                  :
                                          :
        Defendant.                  :
---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Janelle Dunn ("Plaintiff"), by and through her undersigned attorney, for her Complaint against My Alarm Center, LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to redress violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*, Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981 ("Section 1981"). Additionally, Plaintiff alleges as a result of these violations As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2. Plaintiff Janelle Dunn is a citizen of the United States and Pennsylvania, and currently maintains a residence at 216 N. Springfield Rd, Clifton Heights, PA 19018.

3. Defendant My Alarm Center, LLC, is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 3803 West Chester Pike #100, Newtown Square, PA 19073.

## JURISDICTION AND VENUE

4. On or about March 11, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2019-02742.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

5. By correspondence dated July 24, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

6. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

7. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

8. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. In or around November 2014, Defendant hired Plaintiff in the position of Accounts Receivable Manager/Call Center Supervisor.

14. At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no significant discipline.

15. At all times material hereto, Plaintiff was born on May 27, 1978.

16. In or around March 2018, Plaintiff filed a complaint with the Human Resources Department ("HR") against Service Representative, Lillian Barnes ("Ms. Barnes"), for discrimination on the basis of Plaintiff's age and religion.

17. Specifically, Ms. Barnes made commentary towards Plaintiff including, "old bitch," "Jesus would want you to let me go home early," "Oh Jesus help us," and "What would Jesus do."

18. Defendant failed to take any corrective and/or remedial action in response to Plaintiff's complaint.

19. In or around the beginning of April 2018, Plaintiff developed severe chest pain from workplace stress and anxiety caused by the harassment she was subjected to during her employment with Defendant.

20. Stress and anxiety are disabilities within the meaning of the ADA/PHRA in that it substantially limits major life activities, such as working, breathing, sleeping, maintaining an appetite, and the ability to concentrate.

21. Plaintiff notified Defendant of her stress and anxiety as well as the resulting symptoms she was experiencing, including severe chest pain.

22. Plaintiff was hospitalized and evaluated for her disabilities wherein her physician recommended she be placed on intermittent medical leave.

23. Accordingly, Plaintiff requested intermittent FMLA.

24. Plaintiff's stress and anxiety are considered serious health conditions within the meaning of the FMLA.

25. On or about April 4, 2018, after providing the appropriate medical documentation, Defendant approved Plaintiff's intermittent FMLA as a result of her disabilities.

26. Plaintiff's intermittent FMLA was retroactively applied to on or about April 2, 2018.

27. Subsequent to Plaintiff's intermittent FMLA approval, Defendant prohibited Plaintiff from using this leave on more than one occasion.

28. By way of example, when Plaintiff tried to use her FMLA to recover from symptoms she began experiencing, Defendant stated, "you can't just leave when you get stressed."

29. Defendant's refusal in allowing Plaintiff to use her approved intermittent FMLA resulted in an exacerbation of her disabilities.

30. Additionally, even when Plaintiff did use her intermittent FMLA, Defendant persistently contacted her inquiring why she was using her medical leave, despite providing all appropriate documentation in advance.

31. In or around October 2018, Plaintiff filed a second complaint with HR against Ms. Barnes and Anthony (Last Name Unknown) (hereinafter "Anthony LNU") for discrimination on the basis of her race (African American).

32. Specifically, Ms. Barnes and Anthony LNU would use the word "nigger" and/or "nigga" commonly amongst each other.

33. Notably, Caucasian employees have filed similar complaints regarding the use of this derogatory racial slur.

34. Upon hearing Ms. Barnes and Anthony LNU use these words, Plaintiff informed both parties of the racial derogatory nature of these terms.

35. Plaintiff was informed by Defendant the following day that Defendant "can't stop people from using that term."

36. Plaintiff again notified Defendant of the derogatory nature of this term with no action taken by the Defendant.

37. On a separate occasion, Plaintiff was told by a Caucasian employee of Defendant that she "look[ed] like a princess that should be hung from the jungle in Africa."

38. Despite reporting this statement to Defendant, at no time did Defendant take any corrective and/or remedial action in response to this comment.

39. On or about October 18, 2018, Plaintiff notified HR that Ms. Barnes called her a "bitch."

40. During this meeting, Plaintiff was then terminated from employment by Defendant.

41. It is believed and therefore averred that Defendant terminated Plaintiff because of her actual/perceived disability, because Defendant regarded Plaintiff as disabled, and in retaliation for Plaintiff's request for a reasonable accommodation and complaints in connection thereto, in violation of the ADA/PHRA.

42. It is further believed and therefore averred that Defendant willfully violated the provisions of the FMLA by interfering with her attempt to utilized her FMLA approved leave, and ultimately terminating Plaintiff from her employment in retaliation for attempting to exercise her right under same, in violation of the FMLA.

43. It is further believed and averred that Plaintiff was terminated on the basis of her race and/or age and in retaliation for her complaints in connection thereto.

44. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION AND RETALIATION

45. Paragraphs 1 through 44 are hereby incorporated by reference as though the same were fully set forth at length herein.

46. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

47. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

48. Plaintiff's stress and anxiety constitute disabilities within the meaning of the ADA in that it substantially impairs her ability to engage in major life activities, such as working, breathing, sleeping, maintaining appetite, and the ability to concentrate.

49. Despite her disabilities, Plaintiff would have been able to perform the essential function of her job with or without a reasonable accommodation, including, but no limited to, intermittent medical leave.

50. By reasons of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by failing to grant Plaintiff's intermittent medical leave on more than one occasion, and by termination Plaintiff's employment on the basis of her actual and/or perceived disability and request for a reasonable accommodation in connection thereto.

51. Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for her request for a reasonable accommodation as well as her complaints in connection thereto.

52. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive and/or compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

C.    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *et seq.*
## DISCRIMINATION AND RETALIATION

53.    Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54.    Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to her stress and anxiety which substantially limits Plaintiff's ability to perform major life activities such as working, breathing, sleeping, maintaining appetite, and the ability to concentrate.

55.    Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

56.    It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of her actual and/or perceived disabilities.

57.    Additionally, it is believed and therefore averred that Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for her requests for a reasonable accommodation as well as her complaints in connection thereto.

58. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

59. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2601, *et seq.***
**<u>INTERFERENCE AND RETALIATION</u>**

60. Paragraphs 1 through 59 are hereby incorporated by reference as though the same were fully set forth at length herein.

61. Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of twenty (20) or more calendar days in the current or preceding year.

62. Plaintiff was an eligible employee under the FMLA and entitled intermittent medical leave for her serious health condition.

63. Defendant willfully violated the FMLA by interfering with Plaintiff's attempts to use her intermittent FMLA leave.

64. Additionally, Defendant violated the FMLA by terminating Plaintiff's employment in retaliation for her use of FMLA leave.

65. The aforementioned actions of Defendant constitute interference and retaliation under the FMLA.

66. As a result of Defendant's actions, Plaintiff has suffered significant damages.

67. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, suffered loss of employment, promotion benefits, earnings and earnings potential, other significant benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT IV
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, et seq.
## DISCRIMINATION AND RETALIATION

68. Paragraphs 1 through 67 are hereby incorporated by reference as though the same were fully set forth at length herein.

69. Defendant employed at least twenty (20) employees throughout its various office locations at all times material hereto.

70. At all times material hereto, Plaintiff was born on May 27, 1978.

71. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, being forty (40) years old at the time of the unlawful discrimination and in retaliation for her complaints in connection thereto.

72. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

73. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, inter alia, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

## COUNT V
## VIOLATION OF THE PENNYSLVANIA HUMAN RELATIONS ACT
## 43 PA. C.S.A. § 951, *et seq.*
## DISCRIMINATION AND RETALIATION

74. Paragraphs 1 through 73 are hereby incorporated by reference as though the same were more fully set forth at length herein.

75. Defendant violated the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 951, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, as Plaintiff forty (40) years old at the time of her termination.

76. Additionally, Plaintiff believes and therefore avers she was terminated in retaliation for her good-faith complaints in connection thereto.

77. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

78. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

79. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT VI**
**TITLE VII, 42 U.S.C. § 2000e,** *et seq.*
**DISCRIMINATION, RETALIATION & HOSTILE WORK ENVIRONMENT**

80. Paragraphs 1 through 79 are hereby incorporated by reference as though the same were fully set forth at length herein.

81. Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

82. Plaintiff is African American and as such is a member of a class protected under Title VII from unlawful discrimination or harassment because of race.

83. Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of her race, in violation of Title VII.

84. Plaintiff made good-faith complaints of discrimination on the basis of race.

85. Defendant failed to take appropriate remedial action to address Plaintiff's complaints.

86. Plaintiff was terminated from her employment because of her race and/or in retaliation for making good faith complaints of racial discrimination and harassment.

87. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

88. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, inter alia, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

89. As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

## COUNT VII
## 42 U.S.C. § 1981
## DISCRIMINATION, RETALIATION & HOSTILE WORK ENVIRONMENT

90. Paragraphs 1 through 89 are hereby incorporated by reference as though the same were fully set forth at length herein.

91. Plaintiff avers that Defendant discriminated against her with respect to the terms and conditions of her employment on account of her race and religion, subjected Plaintiff to a hostile work environment because of her race, and retaliated against Plaintiff for her good-faith complaints of race discrimination. Plaintiff has suffered damages and seeks relief for these willful adverse actions.

92. Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

    A.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

    B.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

    C.    Pre-judgment interest in an appropriate amount; and

    D.    Such other and further relief as is just and equitable under the circumstances.

## COUNT VIII
## DISCRIMINATION, RETALIAION & HOSTILE WORK ENVIRONMENT
## PHRA, 43 P.S. § 951, *et seq.*

93. Paragraphs 1 through 92 are hereby incorporated by reference as though the same were fully set forth at length herein.

94. Defendant employed at least four (4) employees at its various locations at all times relevant hereto.

95. Plaintiff is African American and as such is a member of a class protected under the PHRA from unlawful discrimination or harassment because of race.

96. Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of her race, in violation of Title VII.

97. Plaintiff made good-faith complaints of discrimination on the basis of race.

98. Defendant failed to take appropriate remedial action to address Plaintiff's complaints.

99. Plaintiff was terminated from her employment because of her race and/or in retaliation for making good faith complaints of racial discrimination and harassment.

100. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

101. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

102. As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date: 10/16/2020

By: */s/ Preeya Bansal*
Preeya Bansal, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
pbansal@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.